**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ROBERT DONALDSON and PATRICIA CHIERA,

                             Plaintiffs,                1:21-CV-00220 (AMN/DJS)

     v.

HUDSON VALLEY FAMILY PHYSICIANS, PLLC
d/b/a ROSENDALE MEDICAL CENTER URGENT
CARE, AMIN ELASHKER, D.O., a/k/a AMEN
ELASHKER, D.O., in his individual capacity, and
FRANCESCA HILMI, D.O., in her individual
capacity,

                             Defendants.

---

**APPEARANCES:**                            **OF COUNSEL:**

**CHARNY & WHEELER P.C.**            **RUSSELL G. WHEELER, ESQ.**
Charny & Wheeler P.C.
42 West Market Street
Rhinebeck, NY 12572
*Attorneys for Plaintiffs*

**MACKEY BUTTS & WHALEN, LLP**      **BROOKE D. YOUNGWIRTH, ESQ.**
319 Mill Street
Poughkeepsie, New York 12601
*Attorneys for Defendants*

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.    INTRODUCTION

On February 25, 2021, Robert Donaldson and Patricia Chiera ("Plaintiffs") commenced

this action against Hudson Valley Family Physicians, PLLC ("HVFP"), as well as Amin Elashker,

D.O., and Francesca Hilmi, D.O., in their individual capacities ("Individual Defendants" and

collectively, "Defendants"), asserting four causes of actions: (1) failure to pay overtime under the

Fair Labor Standards Act ("FLSA"); (2) failure to pay overtime under the New York State Labor Law ("NYLL"); (3) failure to pay compensation for lost vacation hours under the NYLL; and (4) breach of contract.  *See* Dkt. No. 1 (the "Complaint").[1]  On May 7, 2021, Defendants filed an answer to the Complaint.  Dkt. No. 11 (the "Answer").  On March 8, 2022, Defendant HVFP made an Offer of Judgment pursuant to Rule 68(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") to resolve Plaintiffs' first, second, and third causes of action in the Complaint, and on March 21, 2022, Plaintiffs accepted Defendant HVFP's Offer of Judgment.  Dkt. No. 23.[2]

Presently before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), or, in the alternative, to remand to New York State Supreme Court pursuant to 28 U.S.C. § 1447.  Dkt. No. 54 (the "Motion").[3]  Plaintiffs filed an Opposition, arguing that the Court retains original jurisdiction because Defendant HVFP's Offer of Judgment resolved Plaintiffs' first three causes of action only against HVFP, *see* Dkt. Nos. 57, 58, and Defendants filed a Reply, Dkt. No. 61, contending that HVFP's Offer resolved the first three causes of action against all Defendants.

For the reasons set forth below, Defendants' Motion is denied.

---

[1] The Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

[2] On May 23, 2022, the Court entered a Partial Judgment in favor of Plaintiffs against Defendant HVFP in the amount of $60,000.00 "with respect to Plaintiffs' First, Second, and Third causes of action in the Complaint only."  Dkt. No. 27 ("Partial Judgment").  On April 12, 2023, Defendants filed a "Summons with Notice" for breach of contract against Plaintiffs Robert Donaldson and Patricia Chiera individually in New York State Supreme Court, Ulster County.  *See* Dkt. Nos. 54-7, 54-8.

[3] As this case was filed in the United States District Court for the Northern District of New York, *see* Dkt. No. 1, remand is not an appropriate remedy.  *See* 28 U.S.C. § 1447 (authorizing remand only when a case has been removed from state to federal court).

## II.     BACKGROUND

At all relevant times, HVFP was a professional limited liability corporation that "provid[ed] medical services at locations in and surrounding Ulster County, New York." Dkt. No. 1 at ¶¶ 7, 18.[4] Plaintiffs allege that Individual Defendants are physicians of osteopathic medicine and HVFP's "principals and co-owners."  *Id.* at ¶¶ 8-9.  Plaintiffs further allege that Defendants were "joint employers of Plaintiffs, acting indirectly and directly in each other's interests in relation to Plaintiffs' employment," and that Individual Defendants "maintained control over all aspects of the day-to-day functions of [HVFP]."  *Id.* at ¶¶ 10-11.[5]

Plaintiffs are nurse practitioners previously employed by Defendants.  *Id.* at ¶¶ 4-5. Plaintiffs owned and operated Rondout Prompt Care, a walk-in medical practice located in Rosendale, New York, which Defendants acquired in 2017.  *Id.* at ¶¶ 19-21.  In or around March 2018, Plaintiffs each entered into an employment contract with Defendants in which Defendants agreed to employ Plaintiffs at HVFP's walk-in/urgent care medical practice at Rosendale Medical Center Urgent Care for a five-year term, commencing on July 1, 2018.  *Id.* at ¶¶ 22, 24.  These contracts were allegedly signed by each of the Individual Defendants "in both their individual capacity and as [a] co-owner of [HVFP]."  *Id.* at ¶ 23.[6]

---

[4] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

[5] Plaintiffs allege that the functions of HVFP controlled by the Individual Defendants include: "(i) operational control over the operational enterprise, including actively managing, supervising and directing the business operations; (ii) power to establish, and in fact establishment of, the terms of employment of Plaintiffs and others similarly situated; (iii) power to hire and fire; (iv) control over employee work schedules; (v) the ability to determine the rate and method of employee payment; and (vi) maintaining employment records of the employing entity."  Dkt. No. 1 at ¶ 11.

[6] In their Answer, Defendants admitted to the allegations in the Complaint that Individual Defendants are HVFP's principals and co-owners, that Defendants were joint employers of Plaintiffs, and that each Individual Defendant signed their respective employment contract "as co-owner" of HVFP.  Dkt. No. 11 at ¶¶ 8-11, 23.

Plaintiffs allege that Defendants failed to pay overtime compensation and the value of unused vacation time, and breached their employment contracts by failing to pay a monthly stipend after they were terminated by Defendants without cause. *Id.* at ¶¶ 35-68.  Plaintiffs assert that Defendants' actions violated the FLSA, the NYLL, and their employment contracts. *Id.* at ¶¶ 49-68.

On March 8, 2022, Defendant HVFP served an Offer of Judgment on Plaintiffs ("HVFP's Offer"), pursuant to Fed. R. Civ. P. 68(a),[7] which stated, in relevant part:

> ***Defendant, Hudson Valley Family Physicians ("Defendant")***, hereby offers to allow entry of judgment to be taken ***against it*** in this action in the amount of $60,000.00 with respect to Plaintiffs' claims for relief as to the First, Second, and Third Causes of Action within the Complaint only. ***Specifically, this amount is for full satisfaction of any and all of Plaintiffs' claims for unpaid wages under New York State Law and the Fair Labor Standards Act***, including pre-judgment interest, costs, and attorney's fees.  This offer of judgment . . . is not to be construed as either an admission ***that the Defendant is liable in this action***, or that the Plaintiff has suffered any damage . . . .  This judgment will be in full satisfaction of all federal and state claims that Plaintiffs have to damages, or any other form of relief ***arising out of the alleged causes of action in this case against Defendant for unpaid wages*** . . . .  ***Acceptance of this Offer of Judgment waives Plaintiffs' right to any and all claims that were or could have been alleged in this action with respect to unpaid wages***. . . .  If Plaintiffs do not accept this offer from ***the Defendant***, ***they may become obligated to pay the Defendant's costs***.

Dkt. No. 23-1 at 2-3 (emphasis added).   The signature block was signed "Attorneys for Defendants." *Id.* at 3.  On March 21, 2022, Plaintiffs filed a Notice of Acceptance of the Offer of Judgment, which stated:

> Pursuant to Fed. R. Civ. P. 68(a), ***defendant Hudson Valley Family Physicians, PLLC d/b/a/ Rosendale Medical Center Urgent Care (herein "Defendant")*** is hereby notified that plaintiffs Robert Donaldson and Patricia Chiera (collectively herein "Plaintiffs") accept the offer ***made by Defendant*** in the Offer of Judgment

---

[7] Rule 68(a) provides that "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued.  If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service.  The clerk must then enter judgment." Fed. R. Civ. P. 68(a).

4

dated March 8, 2022, and served on March 8, 2022 . . . by which **Defendant** offered to allow judgment to be taken **against it** in this action for the sum of $60,000 with respect to Plaintiffs' First, Second, and Third Causes of Action within the Complaint only, inclusive of prejudgment interests, costs, and attorney's fees.

Dkt. No. 23 (emphasis added).  On May 23, 2022, the Court entered a Partial Judgment against

HVFP, which provided:

Plaintiffs Robert Donaldson and Patricia Chiera accept the offer made **by Defendant Hudson Valley Family Physicians, PLLC** in the Offer of Judgment dated March 8, 2022.  Judgment is hereby entered in favor of Plaintiffs Robert Donaldson and Patricia Chiera a**gainst Defendant Hudson Valley Family Physicians, PLLC** in the amount of $60,000.00 with respect to Plaintiffs' First, Second and Third Causes of Action within the Complaint only.

 Dkt. No. 27 (emphasis added).

## III.    STANDARD OF REVIEW

A motion to dismiss an action for lack of subject matter jurisdiction pursuant to Fed. R.

Civ. P. 12(b)(1) is properly granted "when the court lacks statutory or constitutional authority to

adjudicate it." *Cayuga Indian Nation of New York v. Vill. of Union Springs*, 293 F. Supp. 2d 183,

187 (N.D.N.Y. 2003) (citing *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002)).  To resolve such

motion, the court "accepts as true all the factual allegations in the complaint and must draw all

reasonable inferences in favor of the plaintiff." *Lunney v. United States*, 319 F.3d 550, 554 (2d

Cir. 2003) (citing *Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll.*, 128 F.3d 59, 63

(2d Cir. 1997)).  As relevant here, "federal question jurisdiction exists where 'a well-pleaded

complaint establishes either that federal law creates the cause of action or that the plaintiff's right

to relief necessarily depends on resolution of a substantial question of federal law.'" *Vill of Union

Springs*, 293 F. Supp. 2d at 188 (quoting *Perpetual Sec. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002)).

Where a district court has original jurisdiction over at least one claim, "the district court[]

shall have supplemental jurisdiction over all other claims that are so related . . . that they form part

of the same case or controversy."  28 U.S.C. § 1367(a).  A district court may decline to exercise supplemental jurisdiction when "all claims over which it has original jurisdiction" have been dismissed. 28 U.S.C. § 1367(c)(3).  "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."  *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).  In exercising its discretion, a district court should "consider and weigh . . . the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise [supplemental] jurisdiction" over related state-law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).  The application of this balancing test will typically "point toward declining to exercise jurisdiction over the remaining state-law claims."  *Id.* at 350 n.7.

## IV.  DISCUSSION

### A.  Whether the Offer of Judgment Applies to All Defendants

Defendants argue that the plain text of the Offer of Judgment clearly and unequivocally resolved Plaintiffs' first three causes of action against all Defendants because it was made "for full satisfaction of any and all of Plaintiffs' claims for unpaid wages under New York State Law and the Fair Labor Standards Act," and waived "Plaintiffs' rights to any and all claims that were or could have been alleged in this action with respect to unpaid wages," and therefore the only remaining claim is a state law claim for breach of contract. Dkt. No. 61 at 4 (quoting Dkt. No. 23-1 at 2-3) (emphasis in original).  In Opposition, Plaintiffs argue that HVFP's Offer only resolved Plaintiffs' first three causes of action against HVFP, because "[t]he offer on its face is explicitly made on behalf of HVFP only, which it identifies by parenthetical as 'Defendant,'" and "[n]either the offer, acceptance, or judgment itself makes any reference to the Individual Defendants, individually or collectively."  Dkt. No. 58 at 9-10.

6

A Rule 68 Offer of Judgment is construed "according to ordinary contract principles." *Steiner v. Lewmar, Inc.*, 816 F.3d 26, 31 (2d Cir. 2016) (citing *Goodheart Clothing Co. v. Laura Goodman Enters., Inc.*, 962 F.2d 268, 272 (2d Cir. 1992)).  To determine which party an Offer of Judgment resolves claims against, courts "look first to the text." *Franck v. New York Health Care Inc.*, 1:21-cv-4955 (GHW), 2023 WL 2474559, at *7 (S.D.N.Y. Mar. 11, 2023).  If the text of an Offer of Judgment "appears to be plain and unambiguous on its face, its meaning must be determined from the four corners of the instrument without resort to extrinsic evidence of any nature." *Goodheart*, 962 F.2d at 272.

On the other hand, "[c]ontract language is ambiguous if it is reasonably susceptible of more than one interpretation, and a court makes this determination by reference to the contract alone." *Id.* (internal quotation marks and citation omitted).  Where the parties disagree as to the meaning of contract terms, "the task of the court is to determine whether such clauses are ambiguous when read in the context of the entire agreement, and where consideration of the contract as a whole will remove the ambiguity created by a particular clause, there is no ambiguity." *Law Debenture Trust Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458, 467 (2d Cir. 2010) (internal quotation marks and citations omitted).

Courts have found that an Offer of Judgment is unambiguous as to the party or parties it resolves claims against when it consistently refers to either (1) a singular "defendant," or (2) multiple "defendants," throughout the Offer.  For example, in *Franck*, the court looked to the text of an Offer of Judgment to determine whether it resolved plaintiff's claims against only the corporate defendant, New York Health, or whether it was also made "in full satisfaction of [plaintiff's] claims against the Individual Defendants." *Franck*, 2023 WL 2474559, at *7-8.  The Offer of Judgment stated:

> Pursuant to Federal Rule of Civil Procedure 68 ("Rule 68"), [*Corporate Defendant*], by *its* attorneys, . . . hereby offers to allow judgment to be taken *against it* by Plaintiff . . . in full satisfaction of all of his claims *against Defendant* in the sum of fifty thousand dollars ($50,000), plus reasonable attorneys' fees incurred to date.

*Id.* at *7 (emphasis added).  The court held that the "plain text of the Offer of Judgment provides only for the satisfaction of [plaintiff's] claims against [corporate defendant]" and "cannot be read to extend the scope of the released claims to [plaintiff's] claims against the [i]ndividual [d]efendants."  *Id.* at *8; *see also Stanczyk v. City of New York*, 990 F. Supp. 2d 242, 246-47 (E.D.N.Y. 2013) (finding that the text of an offer of judgment made by the City of New York "clearly applied to all defendants," not just the City, when the offer "repeatedly referred to 'defendants,'" in plural terms), *aff'd*, 752 F.3d 273 (2d Cir. 2014).

On the other hand, in *Struthers v. City of New York*, No. 12–CV–242, 2013 WL 5407221 (E.D.N.Y. Sept. 25, 2013), the court found that an Offer of Judgment made by the City of New York defendant was "ambiguous on its face" as to who was extending the Offer.  *Id.* at *4-5. Specifically, the Offer of Judgment stated:

> Pursuant to Rule 68 . . . *defendant City of New York* hereby offers to allow plaintiff . . . to take a judgment *against it* in this action . . . This judgment shall be in full satisfaction of all . . . claims or rights that plaintiff may have . . . arising out of the alleged acts or omissions of *defendant City or any official, employee, or agent, either past or present, of the City of New York, or any agency thereof,* in connection with . . . this action. Acceptance of this offer of judgment will act to release and discharge *defendant City; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York, or any agency thereof,* from any and all claims . . . in the [above referenced] action.

*Id.* at *5 (emphasis added).  The court noted that the "opening language … suggest[ed] that … the City alone [was] extending the offer," and the Offer repeatedly referred to "defendant City" in singular terms.  *Id*.  However, the court found that the Offer of Judgment was ambiguous as to whether it was "from the City or from all defendants" because it also referenced "any official,

employee, or agent" of the City, and it did not refer to "defendants," or to the individual defendants by name.  *Id*.

Here, the plain language of Defendant HVFP's Offer is similar to the Offer of Judgment in *Franck*.  *Compare* Dkt. No. 23-1 at 2-3, *with Franck*, 2023 WL 2474559, at *7-8.  HVFP's Offer does not reference either of the Individual Defendants and uses only the singular language, "Defendant," throughout.  *See* Dkt. No. 23-1 at 2-3.[8]

Moreover, assuming *arguendo* that the phrases in Defendant HVFP's Offer that it was made "for full satisfaction of <u>any and all</u> of Plaintiffs' claims for unpaid wages" and that acceptance of the Offer waived "Plaintiffs' right to <u>any and all</u> claims that <u>were or could have been alleged in this action</u> with respect to unpaid wages," *see* Dkt. No. 61 at 4 (citing Dkt. No. 23-1 at 2-3) (emphasis in original), creates a question as to whether the Offer was limited to Defendant HVFP, the Court must read these provisions within the "context of the entire agreement."  *See Debenture Trust*, 595 F.3d at 467.[9]  Here, considering HVFP's Offer as a whole, the text of which does not reference the Individual Defendants, *see* Dkt. No. 23-1 at 2-3,[10] the Court finds that

---

[8] The Court also notes that Plaintiffs' Notice of Acceptance of the Offer of Judgment, *see* Dkt. No. 23, and the Court's Partial Judgment, *see* Dkt. No. 27, only refer to "Defendant" or "HVFP," and do not refer to the Individual Defendants.

[9] Courts, recognizing "the need for defendants to be precise about the terms of a Rule 68 offer [of judgment]," generally construe ambiguities in a Rule 68 Offer of Judgment against the offeror. *See GMA Accessories, Inc. v. BOP LLC*, No. 07 Civ. 3219 (LTS) (DCF), 2007 WL 4563433, at *3 (S.D.N.Y. Dec. 20, 2007); *see also Shapiro v. Credit Prot. Ass'n I, Inc*., 53 F. Supp. 2d 626, 628 (S.D.N.Y. 1999) ("Even were there some ambiguity in the language of the offer, however, that ambiguity would be appropriately resolved against the defendants.").

[10] The courts in *Stanczyk* and *Struthers* also examined the attorneys' signature blocks in the Offer of Judgment in considering whether the Offer applied just to one defendant or to all defendants. *See Stanczyk*, 752 F.3d at 284 n.10 (noting that the fact the signature block applied to all defendants, not just the City defendant, was further evidence that the Offer unambiguously applied to all defendants); *Struthers*, 2013 WL 5407221, at *5 (finding that the signature block, "Attorney for Defendant City," was further evidence that the Offer was ambiguous as to whether it applied to the individual defendants).  Here, unlike in *Stanczyk* and *Struthers*, the signature block is the only place where HVFP's Offer uses the term "Defendants."  *See* Dkt. No. 23-1 at 3.  That is

HVFP's Offer unambiguously resolves Plaintiffs' FLSA and NYLL claims against only Defendant HVFP.  *See* Dkt. No. 23-1.[11]

### B. Whether HVFP's Alleged Status as "Primary Employer" Creates an Ambiguity in the Offer of Judgment

Defendants argue in their Reply that referencing the Individual Defendants in their Offer of Judgment was not necessary to resolve Plaintiffs' first three causes of action against them because "[e]ven if the Court were to accept Plaintiffs' tenuous allegation in their Complaint that Individual Defendants were joint employers of Plaintiffs as true, despite its lack of merit, such joint employment still arose from their primary employment with Defendant HVFP."  Dkt. No. 61 at 8.  On this basis, Defendants contend that "the Offer of Judgment was intended to, and did, dispose of the claims against the Individual Defendants as [those claims] arose from Plaintiffs' alleged employment with Defendant HVFP."  *Id.*

Under the FLSA, an "'[e]mployer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).[12]  The Second Circuit has

---

insufficient to create an ambiguity considering that the entire agreement only refers to HVFP in singular terms, *see Debenture Trust*, 595 F.3d at 467.  Moreover, attorneys who represent more than one defendant can make an Offer of Judgment as to just one defendant.  *See Stanczyk*, 752 F.3d at 283 (Rule 68 provides the "defending party with discretion" to offer a judgment that does not "include taking judgment against each defendant.").

[11] Defendants, in their Reply, note "[i]n the event that the Court find[s] that the Offer of Judgment and Plaintiffs' Acceptance did not resolve . . . the claims against the Individual Defendants, the Defendants will respectfully request permission from the Court to vacate the judgment due to lack of meeting of the minds."  Dkt. No. 61 at 9.  Because the Court finds in resolving the Motion that HVFP's Offer is unambiguous, the Court does not at this time consider Defendants' arguments or exhibits related to the lack of mutual assent in support of an as-of-yet unsubmitted motion to vacate, *see generally* Dkt. No. 61; *see also Goodheart*, 962 F.2d at 272 (noting that if the text of a Rule 68 offer "appears to be plain and unambiguous on its face, its meaning must be determined from the four corners of the instrument without resort to extrinsic evidence of any nature").

[12] "The NYLL defines an employer as a 'person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service.'" *Kotuwage v. NSS Petroleum Inc.*, No. 15-CV-4374 (FB) (ST), 2018 WL 1189332, at *5 (E.D.N.Y. Feb. 8, 2018) (quoting NYLL § 190(3)), *report and recommendation adopted as modified sub*

adopted a four-factor test to determine whether an individual or entity is an employer under the FLSA. *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984). The factors to consider are whether the individual or entity "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* (citation omitted). "[T]o be an 'employer,' an individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment." *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013); *see also Pineda v. Masonry Const., Inc.,* 831 F. Supp. 2d 666, 685 (S.D.N.Y. 2011) (allegations, including that an individual defendant "was an owner, partner, or manager," were sufficient to allege that he was an employer under the FLSA and NYLL). A key requirement is that there is "individual involvement in [the] company in a manner that relates to a plaintiff's employment." *Irizarry,* 722 F.3d at 109. Mere "[o]wnership, or a stake in [the] company" is not enough without direct involvement. *Id.* at 111.

Here, Plaintiffs allege that Defendants were "joint employers of Plaintiffs," that Individual Defendants "maintained control over all aspects of the day-to-day functions of [HVFP]," and that Individual Defendants signed their respective contracts with Defendants "as [a] co-owner" of HVFP. Dkt. No. 1 at ¶¶ 10-11, 23. Further, Defendants admitted to these allegations in the Answer. *See* Dkt. No. 11 at ¶¶ 10-11, 23.

As joint employers, Defendants are jointly and severally liable under the FLSA and NYLL. *See Kotuwage*, 2018 WL 1189332, at *12 ("As this Court has found that the Defendants were jointly Plaintiff's employers, each of them is jointly and severally liable under the FLSA and the

---

*nom.* 2018 WL 1187397 (E.D.N.Y. Mar. 7, 2018). Because the NYLL definition is similar to the FLSA's definition of "employer," "courts use the same tests to determine joint employment under both the NYLL and the FLSA." *Id.* (citation omitted).

NYLL for any damages award.") (internal quotation marks and citation omitted); *see also Fernandez v. HR Parking Inc.*, 407 F. Supp. 3d 445, 450 (S.D.N.Y. 2019) ("When two or more entities operate as joint employers of a given worker, each employer is jointly and severally liable for the FLSA violations of all other joint employers.").   This is because even when corporate owners are not "personally responsible for the FLSA violations," they still "nonetheless profit[] from them." *Irizarry*, 722 F.3d at 117.   Moreover, a settlement agreement between one joint employer and a plaintiff does not automatically resolve the plaintiff's claims against other joint employers. *See, e.g.*, *Franck*, 2023 WL 2474559, at *8 (finding that plaintiff's FLSA and NYLL claims against the individual defendants survived when a Rule 68 Offer of Judgment dismissed claims against only New York Health); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 476-79 (D. Md. 2010) (finding that a settlement with one joint employer for "less than [the] full value" did not preclude an FLSA claim against the second joint employer).

Here, Defendants' assertion that Plaintiffs' acceptance of HVFP's Offer as to HVFP, their "primary employer," disposed of the first three causes of action against the Individual Defendants, lacks merit. *See* Dkt. No. 61 at 8.   Defendants admit in their Answer that the Individual Defendants are joint employers.   *See* Dkt. No. 11 at ¶¶ 10-11, 23.   Therefore, Defendants are jointly and severally liable for the alleged violations of the FLSA and NYLL. *Kotuwage*, 2018 WL 1189332, at *12.[13]   Plaintiffs' acceptance of HVFP's Offer does not preclude Plaintiffs' first three causes of action from proceeding against the Individual Defendants.

---

[13] The Court also notes that while Defendants argue that allowing Plaintiffs' claims against the Individual Defendants permits double recovery, "a jointly and severally liable defendant may seek an offset for any award that the plaintiff has already received from another jointly and severally liable Defendant." *Kotuwage*, 2018 WL 1189332, at *12 (citations omitted).

Accordingly, as the Court retains original jurisdiction over this action, Defendants' Motion is denied.[14]

## V.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendants' motion to dismiss, Dkt. No. 54, is **DENIED;** and the Court further

**ORDERS** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>December 15, 2023</u>
   Albany, New York

Anne M. Nardacci
U.S. District Judge

---

[14] Because the Court has found that Plaintiffs' FLSA claim can proceed against the Individual Defendants, the Court need not address the parties' arguments related to the Court exercising supplemental jurisdiction over the state law claims.  *See generally* Dkt. No. 54; Dkt. No. 58 at 11-14; Dkt. No. 61 at 10-12.